```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

RICHARD PATTERSON,              )   Case No. CV 05-5116-PJW
                                )
         Plaintiff,             )
                                )   MEMORANDUM OPINION AND ORDER
    v.                          )
                                )
JO ANNE B. BARNHART,            )
Commissioner of the             )
Social Security Administration, )
                                )
         Defendant.             )
_____)
```

## I.
## INTRODUCTION

Plaintiff brings this action seeking reversal of the decision by defendant Social Security Administration ("the Agency") denying his application for Supplemental Security Income ("SSI"). He asks the Court to augment the record and to remand the case to the Agency for further proceedings. For the reasons discussed below, the decision of the agency is AFFIRMED.

## II.
## FACTS

Plaintiff received SSI benefits until December 31, 1996, when his benefits were terminated due to a change in law, which barred

claimants whose drug and/or alcohol abuse was a factor in their disability from receiving benefits. (AR 26.)  Plaintiff challenged the Agency's decision, claiming that, even after eliminating his physical and mental impairments directly attributable to his drug and alcohol abuse, he still qualified for disability.  Plaintiff was granted a hearing before an administrative law judge ("ALJ") on August 1, 1997. (AR 139-61.)  On September 16, 1997, the ALJ issued a decision, denying Plaintiff's claim. (AR 102-04.)  Plaintiff appealed the ALJ's decision to the Appeals Council and submitted additional evidence.  On September 11, 1998, the Appeals Council remanded the case to the ALJ for consideration of the new evidence. (AR 117-18.)  A second hearing was held on April 5, 1999, and, on June 4, 1999, the ALJ issued a new decision, again denying Plaintiff's claim. (AR 18-22, 162-70.)

    Rather than seeking review by the Appeals Council, Plaintiff filed suit in this Court on July 30, 1999.  The case was dismissed on the ground that Plaintiff had not exhausted his administrative remedies.  Plaintiff appealed to the Ninth Circuit, but his appeal was dismissed for the same reason.

    Plaintiff subsequently requested that the Appeals Council review the June 4, 1999 decision. (AR 11-13.)  Meanwhile, Plaintiff filed a subsequent application, which was granted by the Agency on July 14, 2001, effective as of February 1, 2001. (AR 3.)  On May 23, 2005, the Appeals Council denied Plaintiff's request for review of the June 4, 1999 decision, finding no reason to review the decision. (AR 3-5.)  It noted that Plaintiff had been awarded benefits in the later case but concluded that that decision was based on different evidence

which was not relevant to the 1999 decision.  Thereafter, Plaintiff filed the instant complaint.

### III.

### ANALYSIS

Plaintiff's appeal is based on his claim that, in affirming the ALJ's decision denying Plaintiff's first application, the Appeals Council considered medical evidence in the record that had been submitted with Plaintiff's second application.  (Joint Stipulation ("JS") at 4, Ex. 1.)  He contends that because the Appeals Council considered this evidence from the later case, this Court, too, should take it into account in deciding whether the ALJ erred in determining in the first case that Plaintiff was not disabled.  The Court does not agree.

The Appeals Council decision indicates that it did not consider any "new" evidence.  It appears that the Appeals Council's discussion about Plaintiff's subsequent case and the evidence in that case was merely an effort on its part to follow applicable regulations in determining whether such evidence should be considered.  Under 20 C.F.R. § 416.1470(b), the Appeals Council only considers new and material evidence where "it relates to the period on or before the date of the administrative law judge hearing decision."  In denying Plaintiff's request for review, the Appeals Council therefore had to consider the dates to which the purportedly new and material evidence related.  In this case, the Appeals Council noted that evidence in the record on Plaintiff's subsequent application was more recent and

"[did] not relate to the period covered by the hearing decision."[1] (AR 3-4.) In compliance with 20 C.F.R. § 416.1470, then, the Appeals Council concluded that "the determination and the evidence submitted in connection with the subsequent application" had no impact on the ALJ's decision. (AR 4.) Accordingly, as the Appeals Council properly refused to consider any evidence not related to the period on or before the ALJ's June 4, 1999 decision, Plaintiff's subsequent arguments relating to the substance of such evidence must fail.[2]

Similarly, remand by the Court is warranted "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Given that the records

---

[1] While the cover letter accompanying the documents attached to the Joint Stipulation as Exhibit 1 purports to indicate that the documents constitute the medical evidence in the record on Plaintiff's subsequent application, there is absolutely no evidence, aside from Plaintiff's assertion in the Joint Stipulation, that the Appeals Council had access to or reviewed any of these documents. (JS at 7, Ex. 1.) It is entirely possible that the Appeals Council's comment regarding the relevant dates was taken from the July 14, 2001 decision, which is not in the record before the Court. Consequently, even if it were not apparent that the Appeals Council did not consider any new evidence, the Plaintiff would have failed to establish what evidence the Appeals Council considered.

[2] Because of this conclusion, the Court need not consider the substance of the records attached as Exhibit 1. However, the Court does note with interest that the first document in the exhibit--a note from one of Plaintiff's doctors relied upon extensively by Plaintiff--is an apparent forgery. (JS at 7, 11-12.) As noted by Defendant, the note--attributed to Sanford Bernstein, Ph.D., and dated August 22, 2000--appears to be an exact copy of another note in the record from Dr. Bernstein dated October 10, 1997. (JS at 13, AR 121.) More startling, however, is the fact that a letter in the record from Plaintiff's prior counsel indicates that at some time prior to May 7, 1999, more than one year before the note was purportedly signed by Dr. Bernstein and submitted by Plaintiff, Dr. Bernstein had died and his office had been closed. (AR 134.)

1  submitted by Plaintiff relate, at the earliest, to Plaintiff's
2  condition in July 2000, more than a year after the ALJ's decision, the
3  Court cannot conclude that there is new, material evidence for it to
4  consider.  *See*, *e.g.*, *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir.
5  2001)(refusing request to remand based upon evidence submitted in
6  connection with a subsequent application).
7      The cases relied upon by Plaintiff, *Ramirez v. Shalala*, 8 F.3d
8  1449 (9th Cir. 1993) and *Harman v. Apfel*, 211 F.3d 1172 (9th Cir.
9  2000), do not compel a different result.  In each of those cases, the
10 Appeals Council considered new evidence that was submitted by the
11 claimant after the ALJ's decision.  Because the Appeals Council
12 considered the new evidence in rendering its decision in those cases,
13 such evidence was also considered by the district court in reviewing
14 the Agency's decisions.  *Ramirez*, 8 F.3d at 1452; *Harman*, 211 F.3d at
15 1180.  Because in the case at bar the Appeals Council did not consider
16 any new medical evidence, this Court need not consider the documents
17 submitted by Plaintiff.

                                  IV.

                               CONCLUSION

20     For these reasons, the Agency's decision denying Plaintiff's
21 claim for SSI is affirmed and this case is dismissed with prejudice.

23     IT IS SO ORDERED.

24     DATED:    March  2  , 2007.

                                    _____
                                    PATRICK J. WALSH
                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\PATTERSON, R 5116\Memo_Opinion_Ord.wpd